## A90A0089. COTHERN v. THE STATE.
### (393 SE2d 763)

COOPER, Judge.

On or about November 28, 1986, appellant escaped from a minimum security prison in Jacksonville, Florida, and his escape route took him into Georgia where he assaulted one police officer, stole his gun and fired on other officers. After appellant's arrest in Georgia, he was returned to the Florida prison system. The record reflects the following: an indictment in Georgia was returned in February 1987; an attorney was appointed for appellant in October 1987; appellant's pro se motion to dismiss was denied in June 1988; appellant filed pro se motions to request legal counsel in June 1988; appellant's federal habeas corpus petition was denied in June 1988; appellant signed waiver of extradition forms in September 1988 on which appellant listed the name of his attorney; appellant appeared for arraignment in November 1988 and numerous discovery and defense motions were

filed by appellant's attorney at that time; and trial was held on November 29, 1988. A jury convicted appellant of two counts of aggravated assault and one count of robbery and appeal is taken from that verdict and the sentence thereon.

1. Appellant first enumerates as error the failure to appoint legal counsel for him. "The [appellant's] right to counsel includes the benefit of counsel at all the critical stages of the case and sufficiently prior to the trial for adequate preparation." (Citations and punctuation omitted.) *Ramsey v. State*, 183 Ga. App. 48 (2) (357 SE2d 869) (1987). Appellant submitted no evidence to show that the above standard was not complied with, and in fact, the record indicates that counsel was appointed at least as early as October 1987 and that counsel became actively involved in August 1988, some three months prior to the trial. Our review of the record convinces us that appellant had the benefit of counsel at the critical stages of his case and that there was sufficient time for adequate preparation of his defense. *Hayes v. State*, 168 Ga. App. 710 (2) (309 SE2d 843) (1983). Appellant's assertion that the 180-day rule of OCGA § 42-6-20, Article III was violated is incorrect. Appellant did not comply with the procedures under the statute to trigger the 180-day rule until September 1988. Prior to that time, appellant had failed to waive extradition to Georgia, was in fact contesting the attempts to bring him to Georgia, and did not make his whereabouts known to Georgia officials. Counsel had been appointed for appellant in Georgia, but appellant's own actions prevented the protections of OCGA § 42-6-20 from being activated.

2. Appellant next contends that the trial court erred in failing to grant the appellant a speedy trial. A weighing of the four factors set forth in *Treadwell v. State*, 233 Ga. 468 (211 SE2d 760) (1975), results in a decision adverse to appellant's position. "These four factors are: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant." Id. at 469. While approximately twenty-two months passed between the indictment and the trial, "the mere passage of time . . . is not enough to constitute a denial of due process." *Lett v. State*, 164 Ga. App. 584 (1) (298 SE2d 541) (1982). Any delay in arraigning appellant or bringing him to Georgia to stand trial was apparently a result of the inability to locate him in the Florida prison system during the period prior to his waiver of extradition. The State, after attempting detainer, did not locate the appellant until he surfaced with his motion to dismiss. From the time the waiver of extradition was signed, the trial proceeded post-haste. This reason for the delay is valid and weighs heavily for the State. Appellant did not request a continuance of his trial or demand a speedy trial. As stated in Division 1, appellant did not trigger the speedy trial protections of OCGA § 42-6-20 until Septem-

ber 1988. Finally, appellant suffered no prejudice because he was already legally incarcerated, there is no showing made of any anxiety he suffered and he does not contend that his defense was impaired. See *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). Appellant's second enumeration is without merit.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

### DECIDED MAY 4, 1990.

*Earl D. Smith, Jr.*, for appellant.

*Harry D. Dixon, Jr.*, District Attorney, *George E. Barnhill III,* Assistant District Attorney, for appellee.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*