## A00A2316. MAHONE v. THE STATE.
### (544 SE2d 514)

SMITH, Presiding Judge.

Anthony Mahone was convicted by a jury on the charge of obstructing a corrections officer. His motion for new trial as amended was denied. Mahone appeals, contending that the trial court erroneously failed to instruct the jury on his sole defense of self-defense or justification and that his trial counsel's failure to request such a charge constituted ineffective assistance of counsel. Because the record shows that Mahone raised more than one defense, and because we cannot conclude that Mahone met his burden of showing ineffectiveness under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), we affirm.

Construed to uphold the jury's verdict, evidence was presented that James Berich, an officer at Georgia State Prison, was attempting to remove all prisoners from, or "clear," a particular corridor of the prison in order to allow inmates under protective custody to pass through the corridor. Berich saw Mahone walk through a cross-gate[1] into the area he was attempting to clear, and he testified that he gave Mahone "several direct orders to return to the other side of the cross-gate." Mahone did not obey but acted like "he was going to walk around" Berich. He described Mahone as "forcing his way through the other personnel that we were taking in[to]" the area.

Berich stated that he put his arm up to stop Mahone because he heard a door open behind him. He turned to see who was coming through the door, and Mahone stepped toward him and bit his left forearm. Berich used the heel of his right hand to strike Mahone on the jaw. He testified that Mahone then cursed at him, stated that Berich could not "do anything now because you hit me first" and struck Berich on his jaw. Berich stated that before Mahone bit him, he did not touch Mahone in any way. A nurse who examined Berich after the incident testified that she observed an oval-shaped discoloration, like a bruise, on his left inner forearm and a reddened area on his chin. This nurse also performed a medical examination on Mahone and saw no visible injury.

The testimony of another corrections officer, Patricia Blount, cor-

---

[1] A cross-gate, or entry gate, controlled access of inmates coming from either end of the corridor.

roborated that of Berich in certain respects. Blount was working in a control room that controlled several gates and observed the altercation between Berich and Mahone. She testified that she and Berich "gave the directives to clear the corridor." She opened a cross-gate, and while inmates on the corridor began to "clear off," Mahone continued walking on the corridor. Blount stated that she and Berich told Mahone that he should exit the corridor but that he acted in a belligerent manner and "continued towards Officer Berich." She testified that Berich gave Mahone a final order to exit the corridor, but Mahone did not comply, and "Berich took a step back and raised both arms up to motion the inmate not go any further on the corridor. Inmate Mahone lunged forward and bit officer Berich in his left forearm." According to Blount, Berich then "instinctively struck the inmate to discharge his teeth out of his arm." Because Blount then received a request to open another door, she was required to turn her attention away from Berich and Mahone, and she did not observe Mahone strike Berich.

Mahone's account of events differed from those of Berich and Blount. He testified that he lagged about 50 feet behind other prisoners walking in the corridor because he stopped to obtain a pass to visit the hospital. He then walked to the gate at the end of the corridor and waited for it to be opened. After the gate was opened, he walked about five feet and saw Berich approaching him and yelling for him to "[g]et back behind the gate. You've got to clear for the [protective custody] inmates." Mahone testified that he told Berich to "[l]ook here, that he wanted to catch up with the other inmates." According to Mahone, Berich then "just went off on me, just jumped out of the blue, just started yelling and screaming at me." When asked how the first physical contact occurred between Berich and himself, Mahone answered that when he "started around" Berich, Berich "throwed [sic] up his arms and I ran into his arms, and he knocked me back and just slapped me across the face." He testified that Berich hit him first. Mahone claimed that after Berich hit him, he "tried to calm him down myself" and said, "Look here, Officer Berich, you know you didn't have no business hitting me." Mahone later admitted striking Berich on the chin, but claimed that he was simply defending himself. Another inmate testified, stating that he saw Berich strike Mahone first and that he did not observe Mahone bite Berich. This witness acknowledged, however, that Mahone had his back toward him, that Berich was facing him, and that he could not see whether Mahone struck Berich.

1. Mahone argues that the trial court was required to instruct the jury on self-defense or justification, despite his failure to request such a charge, because this was his only defense to the charge of striking Berich. He correctly contends that a trial court's failure to

give a charge on a defendant's only defense, if some evidence supporting the defense was presented, is reversible error even in the absence of a request. See, e.g., *Parker v. State*, 230 Ga. App. 578, 579-580 (2) (497 SE2d 62) (1998). But here, we cannot agree with Mahone that self-defense was his only defense to the charge of obstructing a corrections officer. The indictment charged him with committing this offense by hitting and biting Berich. Although this language alleged more than one method of obstruction, the State was required to prove commission by only one of the methods charged:

> When an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. It is sufficient for the State to show that a crime was committed in any one of the separate ways listed in the indictment, even if the indictment uses the conjunctive rather than disjunctive form.

(Citations and punctuation omitted.) *Cronan v. State*, 236 Ga. App. 374, 377-378 (3) (511 SE2d 899) (1999). Had the indictment alleged only that Mahone obstructed Berich by hitting him, we might be constrained to agree with him that the trial court was required to instruct on self-defense. But the indictment also alleged that Mahone committed the offense by biting Berich, and this allegation was supported by ample evidence introduced by the State. Mahone presented a separate defense to this evidence — denial. We therefore cannot say that the failure of the trial court to instruct the jury on self-defense was reversible error.

2. Given our conclusion in Division 1, it follows that trial counsel's failure to request a charge on self-defense did not constitute ineffective assistance of counsel requiring reversal under *Strickland*, supra. *Strickland* requires a defendant to show both deficient performance by trial counsel and that the outcome of the trial would have been different but for this deficiency. Ample evidence was presented from which the jury could have convicted Mahone of obstructing an officer by biting him. We will not reweigh the evidence or speculate as to which evidence the jury chose to believe. *Varnadoe v. State*, 227 Ga. App. 663, 665 (3) (490 SE2d 517) (1997). Accordingly, we cannot conclude that Mahone has met his burden of showing that the outcome of trial would have been different but for any alleged deficiency of trial counsel. We therefore affirm the trial court's denial of Mahone's motion for new trial.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

Decided January 19, 2001.

Brantley J. Swindell, for appellant.
J. Thomas Durden, Jr., District Attorney, Jeffery N. Osteen, Joe G. Skeens, Assistant District Attorneys, for appellee.