A04A1736. GLENN v. THE STATE.
(604 SE2d 255)

ELDRIDGE, Judge.
A Gwinnett County jury found Gaylord Andrew Glenn guilty of felony obstruction or hindering of a law enforcement officer (OCGA § 16-10-24 (b)). Glenn appeals from the denial of his motion for new trial. Finding no error, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence shows that on July 21, 2001, Gwinnett County Police Officer David Brucz observed Glenn driving erratically out of the Checkers' parking lot by making an improper right-hand turn onto Jimmy Carter Boulevard going over three lanes of traffic. Officer Brucz followed Glenn. Glenn made a legal U-turn on Jimmy Carter Boulevard at the first intersection and proceeded in the opposite direction on Jimmy Carter Boulevard. Officer Brucz testified that he stayed behind Glenn's vehicle. When Glenn reached the intersection of Singleton Road, he made a right-hand turn without using his turn signal. Based

[22] See *Smith v. State,* 209 Ga. App. 540, 543 (4) (433 SE2d 694) (1993).
[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

on the traffic offenses he had observed, Officer Brucz decided to stop Glenn and activated his blue lights.

When Glenn failed to stop, Officer Brucz testified that he activated his siren. Glenn still refused to stop, even though there were numerous places for him to pull off the road. Officer Brucz testified that it appeared to him that Glenn increased the speed of his vehicle after he initiated the siren. When Glenn reached the apartment complex where he lived, he parked in a parking space, exited his car, and began walking away from Officer Brucz toward the apartment building. Officer Brucz ordered Glenn to stop several times, with no response from Glenn. Finally, Glenn turned around and stated that he did not have to listen to the officer. Officer Brucz ordered Glenn to get back inside his car, to which Glenn responded with obscenities and stated that the officer would have to make him.

Faced with Glenn's aggressive attitude, Officer Brucz took out his ASP baton. Glenn continued to be verbally aggressive to Officer Brucz. Officer Brucz testified that Glenn threatened to take the baton and "shove it up my a--." When Officer Brucz called for backup, Glenn stated that, "You better get backup here" and started walking fast toward Officer Brucz with a "fighting demeanor." Officer Brucz further testified that he felt like Glenn was physically challenging him. Upon reaching Officer Brucz, Glenn spit the food that was in his mouth in the officer's face. As Officer Brucz attempted to place handcuffs upon Glenn, a struggle ensued with Glenn refusing to turn toward the police car and place his hands behind his back. During the struggle, Glenn took Officer Brucz's ASP baton from his hand.

Officer Kevin Kaspar arrived on the scene less than two minutes after the call for backup went out. As he arrived, he observed that Officer Brucz had his ASP baton out and that Glenn was walking toward Officer Brucz "throwing his arms about [and] screaming." Officer Kaspar further observed two other men near the passenger side of the car and directed them to place their hands on the car. Officer Kaspar testified that out of the corner of his eye, he noticed Officer Brucz had become involved in a physical altercation with Glenn and went to assist in placing Glenn in handcuffs. Glenn continued to resist arrest. During the ensuing struggle, Officer Kaspar looked up and saw Officer Brucz's ASP baton in Glenn's raised hand. Not knowing Glenn's intent, Officer Kaspar grabbed the free end of the baton. Officer Kaspar testified that Glenn did not release the baton, but that he had to "wrestle it away from him."

Officer Beverly Genevish confirmed Officers Brucz and Kaspar's testimony, testifying that when she arrived on the scene, Officers Brucz and Kaspar were wrestling with Glenn in an attempt to place him in handcuffs and that Glenn had an ASP baton in his hand.

Further, evidence was submitted of a similar transaction to show Glenn's propensity to fight with police officers during arrest. Officers Jimmy Patterson and Terry Carpenter testified that they were employed by the City of Decatur Department of Public Safety in October 1993, when they responded to a call involving Glenn. When Officer Patterson told Glenn he was under arrest, Glenn started fighting with him, striking Officer Patterson on the left side of his face several times. Officers Patterson and Carpenter testified that it took several officers to handcuff Glenn and that, even after he was placed in handcuffs, Glenn continued to struggle and kick at the officers. Officer Patterson further testified that Glenn stated during such arrest that he hated police officers and, if he had a chance, he would kill one of them. *Held*:

Without challenging the denial of his motion to suppress, Glenn contends that the evidence was insufficient to support the verdict in that Officer Brucz was not acting in the lawful discharge of his official duties when he arrested Glenn. Specifically, Glenn alleges that there was not any evidence to show that he had violated any traffic laws. Glenn argues that the State failed to prove that his right-hand turn from the Checkers' parking lot was "improper" or that a turn signal was required when he made a right-hand turn onto Singleton Road for such turn to be made with reasonable safety.

"To commit the offense of felony obstruction of an officer, a person must knowingly and wilfully resist, obstruct, or oppose any law enforcement officer in the lawful discharge of his official duties, by either offering to do violence to or doing violence to the officer." (Footnote omitted.) *Shaw v. State*, 247 Ga. App. 867, 869-870 (2) (545 SE2d 399) (2001). " 'It is not necessary for the State to prove the underlying offense that causes the officers to act; it is only necessary to prove the applicable elements of the obstruction statute.' *Mapp v. State*, 204 Ga. App. 647, 650 (6) (420 SE2d 615) [(1992)]." (Punctuation omitted.) *Weidmann v. State*, 222 Ga. App. 796, 798 (2) (476 SE2d 18) (1996). Contrary to Glenn's argument, a review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt[2] that Officer Brucz was in the lawful discharge of his official duties when he arrested Glenn. Officer Brucz testified that he initiated the traffic stop because he observed Glenn drive erratically out of the Checkers' parking lot by making an improper right turn across three lanes of traffic and that, as he was following immediately behind Glenn, he observed Glenn making a right-hand turn without a signal.[3] Officer Brucz was authorized to

---

[2] *Jackson v. Virginia*, supra.

[3] Officer Brucz's testimony that he was immediately behind Glenn when he made the

arrest Glenn without a warrant for traffic offenses committed in his presence and, thus, was in the lawful discharge of his duties. See *Pinchon v. State*, 237 Ga. App. 675, 676 (516 SE2d 537) (1999). We find the evidence as set out above sufficient to permit a rational trier of fact to find Glenn guilty beyond a reasonable doubt of felony obstruction of a police officer.

While Glenn testified to a different version of events, testifying that as he pulled out of the Checkers' parking lot, he pulled into the right-hand lane, then using his blinker, moved into the middle lane, and then, again using his blinker, moved into the left lane and that upon turning onto Singleton Road he used his right-hand turn signal, it is of no consequence on appeal because we do not "speculate as to which evidence the jury chose to believe." (Citation omitted.) *Mahone v. State*, 247 Ga. App. 596, 598 (2) (544 SE2d 514) (2001). Instead, "[t]he credibility of witnesses and the weight to be given their testimony are questions for the trier of fact, and [we do not] determine or question how the jury resolved any conflicts in the evidence." (Footnote omitted.) *Knowles v. State*, 245 Ga. App. 523, 524 (1) (538 SE2d 175) (2000); *Jackson v. Virginia*, supra.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 1, 2004.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney*, for appellee.

---

right-hand turn onto Singleton Road was corroborated by Glenn's testimony at trial that he realized Officer Brucz's vehicle was behind his car when he made the right-hand turn onto Singleton Road and that he had been aware of the officer's presence behind his vehicle since leaving the Checkers' parking lot.