## A09A0863. LYNCH v. THE STATE.

(686 SE2d 268)

SMITH, Presiding Judge.

Charged with multiple offenses, Raoul Lynch filed a motion for discharge and acquittal on the ground that his constitutional right to a speedy trial was violated. The trial court denied the motion, and Lynch now appeals. For the following reasons, we affirm.

Lynch was indicted on May 27, 2005 and charged with two counts each of aggravated sodomy and aggravated assault, and one count each of rape, kidnapping with bodily injury and burglary. On August 11, 2007, Lynch was arrested in the state of New York on unrelated charges. Three months later, on November 19, 2007, the State submitted a "Request for Detainer" to have Lynch returned to Georgia. Although he challenged extradition, Lynch was returned to the State of Georgia on June 4, 2008.

On June 27, 2008, Lynch's counsel filed an entry of appearance, but was replaced by a second lawyer on July 18, 2008. Second counsel filed a "Motion for a Constitutional Speedy Trial," but withdrew that motion on August 18, 2008. On September 4, 2008, second counsel withdrew from representing Lynch, and the next day, a third lawyer filed an entry of appearance. On September 19, 2008, third counsel filed a demand for speedy trial and also a motion for discharge and acquittal based upon the denial of Lynch's constitutional right to a speedy trial. The trial court denied the motion on November 25, 2008, prompting this appeal.

1. Lynch contends that his constitutional right to a speedy trial was violated. An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the Constitution of the United States and Art. I, Sec. I, Par. XI (a) of the 1983 Georgia Constitution. *Disharoon v. State,* 288 Ga. App. 1, 3 (1) (652 SE2d 902) (2007).

In *Barker v. Wingo,* 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identi-

fied four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.

(Citation and punctuation omitted.) *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994). We review the trial court's denial of a motion to dismiss the indictment on speedy trial grounds for abuse of discretion only. *Ruffin v. State*, 284 Ga. 52, 65 (3) (663 SE2d 189) (2008).

(a) *Length of delay.* The right to a speedy trial attaches at the time of arrest or indictment, whichever is earlier. *Disharoon*, supra, 288 Ga. App. at 3 (1). And "any delay approaching a year raises a threshold presumption of prejudice." (Citation omitted.) Id. Lynch was indicted on May 27, 2005, and filed his motion for discharge and acquittal on September 19, 2008. A threshold presumption of prejudice is therefore raised here with the passage of 40 months. See *Herndon v. State*, 277 Ga. App. 374, 376 (1) (626 SE2d 579) (2006) (delay of more than one year raises threshold presumption of prejudice).

(b) *Reason for delay.* There is no evidence that Lynch attempted to conceal himself from authorities or that the State failed to make efforts to locate him during the two years and six months between Lynch's indictment and the State's attempt to have him returned to Georgia.[1] Because this portion of the delay is unexplained, it must be weighed against the State. See *State v. Sutton*, 273 Ga. App. 84, 86 (614 SE2d 206) (2005); see also *Simmons v. State*, 290 Ga. App. 315, 316 (2) (659 SE2d 721) (2008) (even unintentional delay weighed against the State). Six and a half months of the delay, however, from November 19, 2007 to June 4, 2008, could be attributed to Lynch due to his attempt to avoid extradition. See, e.g., *Cothern v. State*, 195 Ga. App. 513, 514 (2) (393 SE2d 763) (1990) (delay was result of inability to find defendant within Florida prison system).

(c) *Defendant's assertion of the right to a speedy trial.* The record reveals that Lynch withdrew his first motion for speedy trial, leaving three months between the appointment of his first counsel and the

---

[1] The hearing on Lynch's motion for discharge involved only the argument of counsel. No evidence was adduced during that hearing.

filing of his second motion for speedy trial. This portion of the delay therefore weighs against Lynch. See *Hassel v. State*, 284 Ga. 861, 862 (c) (672 SE2d 627) (2009).

(d) *Prejudice to the defendant.* Under the balancing test of *Barker*,

> the issue of prejudice weighs most heavily in determining whether a defendant's constitutional rights have been violated. In evaluating prejudice, a court must consider the three interests protected by the speedy trial right: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired. The third interest — impairment of the defense — is the most important component of the prejudice factor.

(Citations and punctuation omitted.) *Simmons*, supra, 290 Ga. App. at 316 (4).

Lynch argues that he has suffered "great anxiety and concern because he is facing trial on very serious charges." But there is no evidence to support his claim of anxiety and concern to balance this factor in his favor. See *Johnson v. State*, 268 Ga. 416, 418 (2) (490 SE2d 91) (1997). Lynch argues further that he will be prejudiced because he "has long ago lost contact with any witness that would be able to testify about the nature of his relationship with the alleged victim." He contends that a witness named "Sheila" introduced him to the victim and that her testimony "would have accounted for the reason his DNA was found at the crime scene." Lynch also contends that he has lost the ability to produce an alibi witness. "To prove prejudice due to the unavailability of these witnesses, [the defendant] must show that the unavailable witnesses could supply material evidence for the defense." (Citation and footnote omitted.) *Ingram v. State*, 280 Ga. App. 467, 470-471 (1) (d) (634 SE2d 430) (2006). Although Lynch claims in his brief that his family members have attempted to locate "Sheila," he has presented no evidence to support the assertion that this witness, or an "alibi" witness, would have provided information material to his defense. See id.

(e) Balancing all four factors set forth in *Barker*, we conclude that under these circumstances, Lynch's constitutional right to a speedy trial was not violated. The trial court therefore did not abuse its discretion in denying Lynch's motion to dismiss.

2. Lynch also argues that the trial court failed to make findings of fact and failed to properly perform the balancing test set forth in *Barker*. To the contrary, the trial court made specific findings of fact with regard to each of the four *Barker* factors and weighed them

before concluding that Lynch had not shown that his right to a speedy trial had been violated. See *Bryant v. State*, 265 Ga. App. 234, 236 (593 SE2d 705) (2004) ("[I]t is essential for the trial court to enter findings of fact and conclusions of law consistent with the *Barker v. Wingo* factors."). Although the trial court did not conclude as we have that two years and six months of the delay is unexplained and therefore weighed against the State, the court correctly concluded that Lynch has not shown prejudice by the delay. We therefore find no reversible error here.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED OCTOBER 7, 2009 —
RECONSIDERATION DENIED NOVEMBER 3, 2009.

*Anthony T. Pete*, for appellant.
*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellee.