## A10A1880. ZEGER v. THE STATE.
(702 SE2d 474)

ELLINGTON, Judge.

A Gwinnett County judge found David Scott Zeger guilty of misdemeanor obstruction of a police officer, OCGA § 16-10-24 (a). Zeger appeals from the denial of his motion for new trial, contending the evidence was insufficient to support his conviction, that his trial counsel was ineffective, and that the trial court erred in denying his motion to dismiss the accusation based upon the denial of a speedy trial. Finding no reversible error, we affirm.

1. Zeger contends that the evidence was insufficient to support his conviction for obstruction because the officer lacked probable cause to arrest him for disorderly conduct or criminal trespass and, therefore, the officer was not lawfully discharging his duties. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the

---

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

On July 8, 2007, a uniformed officer with the Duluth Police Department went to Tony's Sports Bar & Grill in response to a complaint of disorderly conduct. He met the owner of the bar outside, who told him what had happened. When the officer went inside the bar, he observed Zeger standing near a waitress and waving around a two-foot-long stick with a nail in it. The officer approached Zeger and told him three times to put the stick down, but Zeger refused. The officer drew his police baton and, again, told Zeger to drop the stick. This time, Zeger dropped the stick. Concerned for his safety, the officer ordered Zeger to lie down on the floor, and Zeger complied. Shortly thereafter, two back-up officers arrived, and they escorted Zeger off the premises. As they walked Zeger outside, the first officer told the back-up officers that he intended to arrest Zeger for disorderly conduct. Zeger began to pull away from the officers and forcibly resisted their efforts to handcuff him. The officer told Zeger three times to stop resisting, but Zeger did not comply. The officers had to force Zeger to the ground to handcuff him. Once inside the patrol car, Zeger went "ballistic," kicking at the doors and windows, which prompted the officers to cuff his legs.

"[A] person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." OCGA § 16-10-24 (a). Here, the arresting officer observed Zeger waving a weapon around inside a bar, near a waitress and eventually near the officer himself. Zeger disobeyed the officer's commands to drop the weapon and only complied when the officer engaged him with a threat of force. When the officer attempted to arrest Zeger for disorderly conduct, Zeger resisted.

Zeger argues that the officer was not in the lawful discharge of his duties because the officer lacked probable cause to arrest him for disorderly conduct. He contends that, because neither the bar owner nor the waitress testified that Zeger put them in reasonable fear of

injury or threatened to damage their property,[1] the officer's arrest was unlawful and Zeger was authorized to resist it. This argument, however, ignores the officer's testimony that Zeger's conduct caused him to be concerned for his own safety. Zeger's behavior was threatening enough to compel the officer to draw a weapon and to order Zeger to lie on the floor, facts from which the court could infer the officer was in reasonable fear of injury and thus had probable cause to arrest Zeger for disorderly conduct, despite the lack of testimony from the bar owner or the waitress.[2] Consequently, the evidence was sufficient to show beyond a reasonable doubt that Zeger obstructed an officer in the lawful discharge of his official duties.

2. Zeger contends his trial counsel was ineffective because he chose to pursue a theory of defense in which he argued that Zeger was unaware that he was being arrested and, thus, could not have knowingly resisted, instead of pursuing a defense in which he argued that Zeger legally resisted an unlawful arrest. But "[c]ounsel's decision as to which theory of defense to pursue is a matter of strategy and tactics; and, as a general rule, matters of tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citations and punctuation omitted.) *Craft v. State*, 254 Ga. App. 511, 521-522 (13) (563 SE2d 472) (2002). Moreover, counsel's strategic decisions are "not judged by hindsight, result, or how another lawyer may have conducted the defense." (Punctuation and footnote omitted.) *Worthman v. State*, 266 Ga. App. 208, 213 (5) (596 SE2d 643) (2004). Although a strategy "so patently unreasonable that no competent attorney would have chosen" it may give rise to an ineffective assistance claim, see *Harris v. State*, 279 Ga. App. 570, 575-576 (3) (631 SE2d 772) (2006), Zeger has not shown that his trial counsel's strategy falls into that category. In fact, given that the officer had probable cause to arrest Zeger for disorderly conduct, see Division 1, supra, it appears that the defense favored by Zeger was not supported by the evidence and probably would not have changed the outcome. Because Zeger failed to show that trial counsel's performance was deficient, the trial court did not err in denying Zeger's motion for new trial on the ground of

---

[1] OCGA § 16-11-39 (a), pertaining to disorderly conduct, provides, inter alia, that "[a] person commits the offense of disorderly conduct when such person . . . [a]cts in a violent or tumultuous manner" either (1) "toward another person whereby such person is placed in reasonable fear of the safety of such person's life, limb, or health" or (2) "toward another person whereby the property of such person is placed in danger of being damaged or destroyed[.]"

[2] Although Zeger was accused of disorderly conduct for violating OCGA § 16-11-39 (a) (2), and was ultimately acquitted of that offense, that does not alter the fact that the officer had probable cause to arrest him for disorderly conduct for violating OCGA § 16-11-39 (a) (1).

ineffective assistance of trial counsel.

3. Zeger contends the trial court should have dismissed the charges against him because he was denied his constitutional right to a speedy trial. The record in this case, however, reveals no basis for granting such a motion. The record shows that any delay in bringing the case to trial was primarily attributable to Zeger and that any resulting prejudice worked to his benefit, factors which weighed against Zeger and defeated any contention that he was deprived of his constitutional right to a speedy trial.

An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the Constitution of the United States and Art. I, Sec. I, Par. XI (a) of the 1983 Georgia Constitution. *Disharoon v. State*, 288 Ga. App. 1, 3 (1) (652 SE2d 902) (2007).

> In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated[:] (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.

(Citations and punctuation omitted.) *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994). We review the trial court's denial of a motion to dismiss an indictment on constitutional speedy trial grounds for abuse of discretion only. *Ruffin v. State*, 284 Ga. 52, 65 (3) (663 SE2d 189) (2008).

Zeger was arrested on July 8, 2007 on felony charges, and a preliminary hearing was set for July 17, 2007. He was released on bond on July 14, 2007. On April 8, 2008, the Gwinnett County district attorney chose not to indict Zeger on felony charges and transferred his case to the county's solicitor-general, who filed an accusation against Zeger on September 16, 2008, for misdemeanor criminal trespass, disorderly conduct, and obstruction. The case was set for arraignment one month later. Zeger's first attorney did not appear for the first calendar call, and, thereafter, sought two continuances in the matter, on November 13 and December 15, 2008. The court removed Zeger's first attorney from the case on December 15, 2008. After the court appointed Zeger new counsel, the State arraigned Zeger in January 2009. On March 3, 2009, Zeger filed a

"Motion for Dismissal for Delay in Arraignment," in which he asserted a constitutional right to a speedy trial. The case was placed on a trial calendar, but was continued at Zeger's request on April 16, 2009, and again on June 8, 2009. The case was finally tried on August 12, 2009.

The right to a speedy trial attaches at the time of arrest or the filing of an accusation or an indictment, whichever is earlier. *Disharoon v. State*, supra, 288 Ga. App. at 3 (1). And "any delay approaching a year raises a threshold presumption of prejudice." (Citation omitted.) Id. at 3 (1) (a). Because about 21 months elapsed between the date of Zeger's arrest and the date the case was called for trial, a threshold presumption of prejudice existed, requiring the court to consider the remaining *Barker v. Wingo* factors. Id.

Nine months of delay can be attributed to the district attorney, who handled Zeger's case after his arrest through April 8, 2008, but who ultimately decided not to pursue felony charges. The solicitor-general did not return an accusation until almost six months later, on September 16, 2008. There is no evidence, however, that either the solicitor-general or the district attorney intended to hamper Zeger's defense. Therefore, although the delay is weighed against the State, it is considered relatively benign. See *State v. Giddens*, 280 Ga. App. 586, 588 (634 SE2d 526) (2006). After the accusation was returned, the case was promptly set for arraignment and trial, but was continued at Zeger's request for almost another year, a factor which weighs against him. Moreover, Zeger did not assert his right to a speedy trial until March 3, 2009 — about 20 months after his arrest. The defendant must assert the right to a speedy trial, and the failure to do so "is entitled 'to strong evidentiary weight' against the defendant." (Citation and punctuation omitted.) *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001). The record, therefore, supports a finding that the reasons for the delay weigh heaviest against Zeger.

In considering whether Zeger was prejudiced by the delay, this Court must consider what the right to a speedy trial was designed to protect against: oppressive pre-trial incarceration, anxiety and concern of the accused, and the possibility that the defense will be impaired. *Brannen v. State*, 274 Ga. at 456. Zeger was jailed for eight days before he was released on bond, and, at sentencing, he received credit for the time he served. There is no evidence that the period of pre-trial incarceration was oppressive. And, although Zeger contends the case caused him some anxiety and hampered his ability to find employment, the record shows that during the period of delay attributable to the State, the district attorney chose not to pursue felony charges and the solicitor-general dismissed one of the three counts against him — certainly an improvement over Zeger's origi-

nal position. Finally, although Zeger contends that the delay prejudiced his defense, he does not support that argument with any evidence, for example, by showing that he lost the testimony of any favorable witnesses. The State, however, showed that it was unable to locate its complaining witnesses, including the owner of the bar, the only witness who could testify as to the criminal trespass, a charge which the State was forced to dismiss. The judge also directed a verdict as to the disorderly conduct charge because the State could locate no witness to testify that Zeger's behavior placed the property of any person in danger of being damaged or destroyed, which is required to prove a violation of OCGA § 16-11-39 (a) (2). The record, therefore, supports a finding that Zeger's defense was not prejudiced by the delay.

Accordingly, we conclude that the trial court did not abuse its discretion in denying Zeger's motion to dismiss the accusation.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED OCTOBER 14, 2010.

*Marvin P. Hicks III*, for appellant.

*Rosanna M. Szabo, Solicitor-General, Zachary W. Procter, Assistant Solicitor-General*, for appellee.

