**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**May 21, 2014**

# In the Court of Appeals of Georgia

A14A0111. TOLBERT v. THE STATE.

MCFADDEN, Judge.

After a jury trial, William Tolbert was convicted of aggravated assault on a peace officer and two counts of obstruction of an officer. Tolbert appeals, challenging the sufficiency of the evidence. But because there is enough evidence from which a rational trier of fact could have found Tolbert guilty beyond a reasonable doubt, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Brown v. State*, 318 Ga. App. 334, 334-335 (733 SE2d 863) (2012) (citations and punctuation omitted).

So viewed, the evidence shows that on the afternoon of July 12, 2011, police officers Sanders and Miller were on patrol in separate vehicles in Macon, Georgia, when they both saw Tolbert fail to stop the car that he was driving at a stop sign. Officer Sanders activated his patrol vehicle's lights and siren and tried to pull over Tolbert. But Tolbert failed to pull over, and instead accelerated his vehicle, made an abrupt turn onto a street and pulled into an apartment complex parking lot where he got out of his car. Officer Sanders stopped beside the car and was concerned for his safety because of Tolbert's flight and his getting out of his car; because the officer had to approach from the front of Tolbert's car, where he could get run over; and because he did not know if Tolbert or a passenger in the car had a weapon. Officer Sanders then drew his gun, told Tolbert to get back into his vehicle, and ordered the passenger in the car to keep his hands in full view on the dashboard. The passenger obeyed, but Tolbert did not and refused to get back into his car. Upon seeing that Tolbert did not have a weapon, the officer put his gun back in its holster, approached Tolbert and tried to take him into custody for obstruction by fleeing. But Tolbert then punched officer Sanders in the face, and a physical altercation ensued. During the

2

struggle, Tolbert refused to comply with the officer's commands to stop resisting and to put his hands behind his back, ripped the officer's shirt, and attempted to grab the officer's gun from its holster. As they struggled for the gun, Tolbert struck the officer and then fled on foot into the nearby woods. Officer Sanders notified other officers by radio that Tolbert had fled into the woods, and then chased after him.

Officer Miller arrived at the scene and entered the woods, where he found Tolbert hiding in some brush. The officer ordered Tolbert to stay on the ground and show his hands, but Tolbert disobeyed, saying, "shoot me," and running further into the woods. Officer Miller chased after and caught Tolbert, who struck the officer in the face, and grabbed and scratched his neck and arms. Officer Miller then used pepper spray to subdue Tolbert and was able to take him into custody.

In challenging the sufficiency of the evidence, Tolbert cites his own testimony that was in conflict with the officers' testimony and argues that he was entitled to resist arrest when Officer Sanders used unreasonable force by drawing his gun. However, any conflicts in the evidence are "of no consequence on appeal because we do not speculate as to which evidence the jury chose to believe. Instead, the credibility of witnesses and the weight to be given their testimony are questions for the trier of fact, and we do not determine or question how the jury resolved any

3

conflicts in the evidence." *Glenn v. State*, 269 Ga. App. 412, 415 (604 SE2d 255) (2004) (citations and punctuation omitted). Here, Tolbert's argument "ignores the officer's testimony that [Tolbert's] conduct caused him to be concerned for his own safety." *Zeger v. State*, 306 Ga. App. 474, 476 (1) (702 SE2d 474) (2010). And once the officer determined that Tolbert was not armed, he re-holstered his gun and attempted to arrest Tolbert. Thus, the jury was authorized to reject Tolbert's claim that he was entitled to resist arrest. Having reviewed the evidence in the light most favorable to the verdict, we conclude that there was sufficient evidence from which the jury could have found Tolbert guilty beyond a reasonable doubt of the crimes charged.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*