## S09A0086. HASSEL v. THE STATE.
### (672 SE2d 627)

THOMPSON, Justice.

Eric Hassel appeals from the denial of his amended plea in bar and motion to dismiss a multi-count indictment charging him with murder and related offenses in the shooting death of David Lumpkin.[1] Finding no error, we affirm.

In January 2007 a warrant was issued for Hassel's arrest in connection with the November 2006 shooting. Hassel was located and arrested in the state of Louisiana on February 7, 2007 and was extradited to Georgia the following month. Bond was set in October 2007; however, Hassel has been unable to post bond and he remains in jail.

In December 2007 Hassel filed a motion asserting his rights to a speedy trial under the Georgia and United States Constitutions. In March 2008 he filed a plea in bar and motion to dismiss claiming a violation of those constitutional rights. Later that month, a grand jury indicted Hassel on murder and related charges. In May 2008, the trial court denied his plea in bar on constitutional grounds as well as his motion to dismiss. An amended plea in bar and motion to dismiss were also heard and denied in July 2008. In the interim, the case was specially set for trial on August 15, 2008. Hassel filed a timely notice of appeal from the order denying his amended plea in bar and motion to dismiss.

Hassel submits that his constitutional rights to a speedy trial were violated.

---

[1] See *Callaway v. State,* 275 Ga. 332 (567 SE2d 13) (2002) (direct appeal authorized from denial of a plea in bar).

In examining an alleged denial of the constitutional right to a speedy trial, courts must engage in a balancing test with the following factors being considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). The existence of no one factor is either necessary or sufficient to sustain a speedy trial claim, and a trial court's findings of fact and its weighing of disputed facts will be afforded deference on appeal.

*State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008). An abuse of discretion standard applies. Id.

a. *Length of delay.* "The constitutional right to a speedy trial attaches on the date of the arrest or when formal charges are initiated, whichever first occurs." *State v. White*, supra at 861 (2). Hassel was arrested on February 4, 2007; his motion to dismiss was filed on March 3, 2008, 13 months later. As the trial court correctly determined, a one-year delay is presumptively prejudicial and requires consideration of the remaining *Barker* factors. Id.; *Boseman v. State*, 263 Ga. 730 (1) (a) (438 SE2d 626) (1994).

b. *Reasons for the delay.* At a hearing on the motion to dismiss, the State claimed that the delay was due to the complexity of the case and the need for adequate investigation. While the trial court attributed the delay solely to the State, it further concluded that the State's conduct was negligent rather than deliberate or as a result of bad faith.[2] Thus, while it weighed this factor against the State, the court correctly concluded that the unintentional delay was "relatively benign." See *Barker*, supra, 407 U. S. at 531 ("[a] more neutral reason such as negligence . . . should be weighted less heavily" against the prosecuting authority); *Smith v. State*, 275 Ga. 261 (564 SE2d 441) (2002); *Jackson v. State*, 272 Ga. 782, 784 (534 SE2d 796) (2000).

c. *Assertion of the right to a speedy trial.* The court found that Hassel waited nine months after his arrest to assert his demand, and it weighed this factor against him. See *Smith*, supra at 263 (this factor is weighed heavily against the defendant when it is not asserted).

---

[2] According to the trial court's order, a hearing on the motion to dismiss was conducted on March 31, 2008; however, Hassel did not request that a transcript of that hearing be included in the record on appeal and none was transmitted to this Court.

d. *Prejudice.*

As to the prejudice factor, there are "three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired." [Cit.]

*Boseman,* supra at 732 (1). Impairment of the defense is the most important component of the prejudice factor "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker,* supra, 407 U. S. at 532.

In analyzing the prejudice factor after the initial hearing, the trial court observed that anxiety and concern are always present in pretrial incarceration situations, but that Hassel had made no showing as to the extent of his anxiety and concern. See *Disharoon v. State,* 288 Ga. App. 1, 5 (1) (d) (652 SE2d 902) (2007) (absent some unusual showing of anxiety or concern, it is not likely that this interest will be determinative in favor of the accused). With regard to impairment of the defense, the court determined that Hassel presented no evidence establishing actual prejudice. And after balancing the *Barker* factors, the trial court ruled that Hassel had not been denied his constitutional rights to a speedy trial. Absent a transcript of the first hearing, we must assume that the evidence supported the trial court's findings. See *Eason v. State,* 249 Ga. App. 738 (1) (549 SE2d 532) (2001).

Upon receiving discovery from the State, Hassel filed an amended plea in bar and motion to dismiss claiming to have new information that the State's delay was intentional, and that he suffered significant prejudice because an important witness for the State cannot be located. A second hearing was conducted, the transcript of which is contained in the record on appeal at Hassel's request. At this hearing, Hassel offered testimony as to the conditions at the Athens-Clarke County Jail where he is incarcerated as well as documentation of several grievances that he had filed. Discussion was also heard from defense counsel and the prosecutor concerning the whereabouts of the allegedly missing witness and her anticipated testimony.

In an order following that hearing, the trial court adhered to its former ruling with regard to the first three *Barker* factors, but it re-analyzed the prejudice factor in light of the new evidence presented. In so doing, the court concluded that Hassel failed to show that he suffers undue or unusual anxiety attendant to his incarceration, and that he failed to establish that the witness is unavailable.

These findings are supported by the evidence.

In weighing the State's negligent delay in bringing appellant to trial against appellant's failure to timely assert his constitutional rights to a speedy trial and his failure to show that the delay has impaired his defense, we find no abuse of the trial court's discretion in denying Hassel's motion to dismiss his indictment.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 2009.

*John W. Donnelly*, for appellant.

*Kenneth W. Mauldin, District Attorney, Thurbert E. Baker, Attorney General*, for appellee.