A09A0542, A09A0579, A09A0640. ROBINSON v. THE STATE
(three cases).

(679 SE2d 383)

DOYLE, Judge.

Jonathan Robinson was charged with rape and other crimes in three separate indictments, which were joined by the trial court. In three related appeals, Robinson challenges the denial of his motions to dismiss the indictments against him on constitutional speedy trial grounds. We consolidate these appeals for disposition in a single opinion and affirm, finding no abuse of discretion.

The record shows Robinson was arrested on September 5, 2004, and on September 21, 2004, the State issued an indictment charging him with a September 5 rape[1] and aggravated sodomy[2] of E. W. Robinson filed a demand for speedy trial pursuant to OCGA § 17-7-170 in the case on September 30, 2004. On November 15, 2004, the trial court entered an order allowing Robinson to be released on bond, and on November 17, 2004, the court entered an order indicating that Robinson had withdrawn his speedy trial demand.

On June 21, 2005, the State obtained an indictment charging Robinson with the May 30, 1999 rape, kidnapping,[3] and armed robbery[4] of R. A. The State also obtained a second indictment on June 21, 2005, charging Robinson with the March 13, 2000 rape and

---

[1] OCGA § 16-6-1 (a).
[2] OCGA § 16-6-2 (a) (2).
[3] OCGA § 16-5-40 (a).
[4] OCGA § 16-8-41 (a).

kidnapping of K. C., as well as impersonating a public officer.[5] Thereafter, Robinson filed statutory speedy trial demands in both cases on July 11, 2005.

Robinson's cases were set on an October 25, 2005 trial calendar, which contained 65 additional cases. At an October 20, 2005 pretrial motions calendar, the State advised the trial court that it was still waiting for DNA test results from the laboratory at the Georgia Bureau of Investigation ("GBI") and hoped to have the results by October 31, 2005. The trial court discussed the possibility of beginning the trial on October 25, October 31, or November 1, 2005, but it does not appear from the record that the court set a specific date for the trial. The parties then appeared for trial on October 27, 2005, at which time the trial court advised Robinson that in light of his speedy trial demand, he could not object to incomplete or delayed discovery provided by the State (including the DNA test results) and would be precluded from calling witnesses that he listed in an untimely witness list provided to the State the previous day. After consulting with trial counsel, Robinson withdrew his speedy trial demands, and the trial court continued the cases. The trial court also joined the three cases for trial.

On November 9, 2005, Robinson filed a notice of interlocutory appeal in the trial court in the two cases involving R. A. and K. C. That same day, Robinson's attorney filed a motion to withdraw, which the trial court granted on November 10, 2005; a public defender was later appointed to represent Robinson. His appeal was docketed in this Court on May 2, 2006, and this Court entered an order granting Robinson's motion to withdraw the appeal on May 9, 2006.

On May 22, 2006, the trial court set the cases on a plea and arraignment calendar at Robinson's request, indicating that they would thereafter proceed to a final plea calendar and then to trial if necessary. On June 26, 2006, the trial court set a bond for Robinson, with the total bond for all pending charges set at $160,000.[6] On September 20, 2006, the State provided Robinson with supplemental discovery, including GBI crime lab reports, a supplemental witness list, medical records for R. A., the police case file, and recidivist and impeachment notices. In January and March 2007, the trial court handled ex parte matters raised by Robinson, and it denied him a bond reduction following a September 18, 2007 hearing. Next, on October 16, 2007, the trial court granted the State's motion to depose one of the victims after the State presented evidence that she had

---

[5] OCGA § 16-10-23.

[6] Robinson never posted bond, and he remained in jail.

chronic Hepatitis-B, HIV, AIDS, and possible mild dementia, and it appears that she was deposed that same day.

The next court action was a May 13, 2008 hearing on Robinson's motion to dismiss or, in the alternative, plea in bar for violation of his right to a speedy trial (which he filed on April 8, 2008). Following the hearing, the trial court denied Robinson's motion, concluding that the motion was frivolous and dilatory. This appeal follows.

1. The Sixth Amendment to the United States Constitution and Art. I, Sec. I, Par. XI (a) of the 1983 Georgia Constitution guarantee an accused the right to a speedy trial, which attaches at the time of arrest or when formal charges are brought, whichever is earlier.[7] The test for determining whether an accused's right to a speedy trial has been violated is set forth in *Barker v. Wingo*[8] and *Doggett v. United States*.[9] The analysis has two stages. First, the trial court "must determine whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered 'presumptively prejudicial.' "[10] If not, the speedy trial claim fails at that point.[11]

> If, however, the delay has passed the point of presumptive prejudice, the court must proceed to the second step of the *Barker-Doggett* analysis, which requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial.[12]

(a) *Presumptive Prejudice*. As conceded by the State, the period of time between Robinson's initial arrest on September 5, 2004, to the time his motion to dismiss was denied (May 13, 2008) is presumptively prejudicial.[13] Thus, the remaining *Barker-Doggett* factors must be considered.

(b) *Barker-Doggett Balancing Test*. The four factors that the trial court must consider during the second stage of speedy trial analysis are: (i) whether the delay was "uncommonly long"; (ii) whether the State or the accused is more to blame for that delay; (iii) whether the accused has asserted a timely right to a speedy trial; and

---

[7] See *Thomas v. State*, 296 Ga. App. 231, 234 (2) (674 SE2d 96) (2009).

[8] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[9] 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992).

[10] *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008).

[11] See id.

[12] Id. at 55 (2).

[13] See id. at 55 (2) (a) (a delay of over 26 months surpasses the presumptive prejudice threshold).

(iv) whether the defense was prejudiced by the delay.[14] "These factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. Absent an abuse of discretion, the decision of the trial court must be affirmed."[15]

(i) *Length of the Delay.* The over three-year "pretrial delay in this case far exceeds the one-year benchmark for presumptive prejudice."[16] Thus, this factor is weighed against the State.[17]

(ii) *Reason for the Delay.* In evaluating the reasons for a delay in bringing an accused to trial, "courts assign various degrees of weight to the different reasons provided by the prosecution and the defense respectively. When evaluating these reasons, courts must accommodate the competing concerns of orderly appellate review and a speedy trial under the *Barker* balancing test."[18] Here, there were multiple factors contributing to the delay, including: (1) the State's delay in producing discovery, including DNA test results from the GBI lab; (2) Robinson's appeal, which resulted in an approximate six-month delay before he withdrew it; (3) multiple ex parte motions filed by Robinson; (4) the withdrawal of Robinson's trial attorney; (5) Robinson's request to place the case back on the plea and arraignment calendar following his withdrawal of the appeal; and (6) the deposition of one of the victims. At the hearing, the trial court concluded that the reason for the delay was primarily attributable to Robinson and noted that the Fulton County Superior Court had a shortage of judges. Given the evidence presented, the trial court did not err in weighing this factor in favor of the State.[19]

(iii) *Timeliness of Defendant's Assertion of the Right to a Speedy Trial.* Here, Robinson filed a statutory demand for speedy trial within four weeks of his arrest in the case involving E. W., but he withdrew it less than two months later. He also filed statutory speedy trial demands in the other two cases less than a month after his arrest and the issuance of the indictments; he withdrew these demands less than four months later. He then took no further steps to assert his right to a speedy trial until he filed his motion to dismiss more than two years later. Thus, although his initial assertions of his

---

[14] See *Doggett*, 505 U. S. at 651. See also *Barker*, 407 U. S. at 530; *Ruffin*, 284 Ga. at 56 (2) (b).

[15] (Citation and punctuation omitted.) *State v. Johnson*, 274 Ga. 511, 512 (555 SE2d 710) (2001).

[16] *Ruffin*, 284 Ga. at 58 (2) (b) (i).

[17] See id.

[18] (Punctuation omitted.) *Bowling v. State*, 285 Ga. 43, 45 (1) (b) (673 SE2d 194) (2009).

[19] See *Mullinax v. State*, 273 Ga. 756, 759 (2) (545 SE2d 891) (2001) (the reason-for-the-delay factor was properly weighed against the defendant where the primary basis for the delay was a backlog at the state crime lab, which was compounded by the defendant's filing of an interlocutory appeal).

statutory right to a speedy trial militate in his favor, his ultimate withdrawal of those demands and subsequent delay in asserting his constitutional right to a speedy trial should be weighed against him.[20]

(iv) *Prejudice to the Defendant.* With regard to the prejudice factor, "there are three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired."[21]

Here, Robinson argues that his over three-year pre-trial incarceration at the Fulton County jail — which he alleges "has been the subject of federal oversight and public criticism for substandard jail conditions" — was oppressive and has caused him anxiety and concern. Robinson's pre-trial incarceration was substantial. But he does not "assert or show any specific anxiety or concern" attendant to his incarceration.[22] Thus, "we conclude that [Robinson] failed to establish the type of oppressive pretrial incarceration or anxiety and concern beyond that which necessarily attends confinement in a penal institution."[23]

Robinson also contends that his defense was prejudiced by the lengthy delay because "the accurate memory of witnesses has been greatly impaired." "However, a generalized statement that the memories of witnesses have faded over the passage of time is not sufficient. For memory lapse to be prejudicial, [Robinson] must establish that the lapses substantially relate to a material issue."[24]

Robinson also alleges that there are several witnesses that he "could have used in his defense that he is now unable to reach." "To prove prejudice due to the unavailability of these witnesses, [Robinson] must show that the unavailable witnesses could supply material evidence for the defense."[25] The first potential witness is a man who purportedly "witnessed the 2004 sexual incident" involving E. W. But Robinson has not offered any suggestion as to the contents of this missing witness's testimony, and therefore, he has not demonstrated that the witness's testimony would have been material to Robinson's defense.[26] Similarly, Robinson's assertion that his inabil-

---

[20] See *Williams v. State*, 279 Ga. 106, 109 (1) (c) (610 SE2d 32) (2005).

[21] (Punctuation omitted.) *Hassel v. State*, 284 Ga. 861, 863 (d) (672 SE2d 627) (2009).

[22] *Thomas v. State*, 274 Ga. 492, 495 (555 SE2d 693) (2001).

[23] (Punctuation omitted.) *Harris v. State*, 284 Ga. 455, 456 (667 SE2d 361) (2008).

[24] *Smith v. State*, 284 Ga. 17, 20 (2) (663 SE2d 142) (2008); see *Barker,* 407 U. S. at 534 (V) (memory lapses cited "were in no way significant to the outcome"); *Threatt v. State*, 282 Ga. App. 884, 890 (d) (640 SE2d 316) (2006).

[25] *Ingram v. State*, 280 Ga. App. 467, 470-471 (1) (d) (634 SE2d 430) (2006).

[26] See id. at 471-472 (1) (d).

ity to locate witnesses whose names and phone numbers were listed on his cell phone that the police purportedly improperly destroyed[27] has impaired his defense also fails because he has failed to offer any specific evidence that these unnamed "missing" witnesses might provide.[28]

Finally, Robinson asserts that a physician who examined E. W. "could not be located," alleging that the doctor would testify that E. W. did not exhibit symptoms consistent with a rape and that E. W. was unstable and delusional. However, a review of the transcript from the hearing on the motion to dismiss does not reflect that trial counsel actually attempted to locate the physician; instead, trial counsel stated that "my chances of finding her four years later are almost zero." Under these circumstances, where Robinson failed to establish that the delay actually resulted in his inability to locate the witness, we find no prejudice.

(c) *Balancing the Factors.* In balancing the four *Barker-Doggett* factors, including Robinson's delay in asserting his constitutional right to a speedy trial and his failure to demonstrate that his defense was prejudiced by the delay, we conclude that the trial court did not abuse its discretion in finding that Robinson's constitutional speedy trial right had not been violated.[29]

2. The State's motion to dismiss these appeals is denied.

*Judgments affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JUNE 2, 2009.

*Scott W. Dawkins, Jimmonique R. S. Rodgers,* for appellant.

*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney,* for appellee.

---

[27] We note that Robinson has failed to offer any evidence to support this assertion. Instead, at the hearing on his motion to dismiss, his trial counsel indicated that he was "in the process of requesting a letter" from the chief of police that stated that the cell phone had been destroyed.

[28] See *Frazier v. State*, 277 Ga. App. 881, 883 (d) (627 SE2d 894) (2006) ("defendant 'must offer specific evidence' in order to establish prejudice").

[29] See *Thomas*, 296 Ga. App. at 236 (2) (e).