## A09A0868. WILLIAMS v. THE STATE.
(686 SE2d 407)

BARNES, Judge.

Latasha Williams appeals the denial of her motion to dismiss. She contends a 26-month delay violated her right to a speedy trial guaranteed by the Sixth Amendment of the Constitution of the United States. For the reasons stated below, we affirm the trial court.

An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the Constitution of the United States. *Disharoon v. State*, 288 Ga. App. 1, 3 (1) (652 SE2d 902) (2007). In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered when determining whether a defendant's Sixth Amendment right to a speedy trial had been violated: (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of the right, and (d) the prejudice to the defendant. No one of the factors is either a necessary or sufficient condition for finding a deprivation of the right of speedy trial. Instead, the factors should be considered together, balancing the conduct of the prosecution and the defendant. *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994). We review the trial court's denial of a motion to dismiss on speedy trial grounds for abuse of discretion only. *Ruffin v. State*, 284 Ga. 52, 65 (3) (663 SE2d 189) (2008); *Frazier v. State*, 277 Ga. App. 881, 883 (627 SE2d 894) (2006).

(a) *Length of delay.* The right to a speedy trial attaches at the time of arrest or indictment, whichever is earlier, and a delay approaching one year raises a threshold presumption of prejudice. *Disharoon*, supra, 288 Ga. App. at 3 (1). As Williams was arrested[1] on May 8, 2006, and filed her motion to dismiss on July 7, 2008, the 26-month delay raised a threshold presumption of prejudice, *Herndon v. State*, 277 Ga. App. 374, 376 (2) (626 SE2d 579) (2006), and the trial court so found. The trial court, however, gave less consideration to this factor because Williams was not in pretrial confinement.

(b) *Reason for delay.* Although the State offered no reason for

---

[1] Williams was indicted for aggravated battery and aggravated assault by maliciously causing bodily harm by pouring boiling water, grits, and cooking oil on the victim.

the delay, the trial court noted that "typically crowded Fulton County dockets contributed to the delay," found that the record showed no deliberate delay by the State, and also noted that Williams had not alleged deliberate or unfair delay. The court also noted that Williams had three changes in lawyers from the public defender's office. We must defer to these findings of fact. Nevertheless, the responsibility for bringing a defendant promptly to trial rests with the government. Therefore, even this type of unintentional delay must be weighed against the State. *Oni v. State*, 285 Ga. App. 342, 343-344 (2) (b) (646 SE2d 312) (2007).

(c) *Defendant's assertion of the right to a speedy trial*. The record shows that Williams did not assert her right to a speedy trial until she moved for dismissal, and considering that delay can benefit the defense, the trial court weighed this factor against Williams. See *Hassel v. State*, 284 Ga. 861, 862 (c) (672 SE2d 627) (2009). Although Williams contends that the trial court erred in weighing this factor against her because the State failed to comply with her discovery requests, we find no connection between the State's failure to respond to her discovery and her failure to assert her rights. Moreover, the trial court noted that Williams' discovery request was not filed until July 26, 2007, more than a year after her arrest. "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Citations and punctuation omitted.) *Frazier*, supra, 277 Ga. App. at 882 (c).

(d) *Prejudice to the defendant*. Applying the *Barker* balancing test, prejudice weighs most heavily in determining whether a defendant's constitutional rights have been violated. In evaluating prejudice, the three interests protected by the speedy trial right must be considered: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired. Impairment of the defense is the most important component of the prejudice factor. *Simmons v. State*, 290 Ga. App. 315, 316 (4) (659 SE2d 721) (2008).

The trial court found that Williams suffered no "oppressive pretrial incarceration or otherwise" because she was free on bond for the entire period of delay, and found no merit to her contention that the razing of the scene of the crime prejudiced her. In her appellant's brief, Williams does not argue that she was prejudiced in any way, and we find no prejudice.

(e) Balancing all four *Barker* factors, we conclude that under these circumstances, Williams' constitutional right to a speedy trial was not violated. Accordingly, the trial court did not abuse its discretion in denying her motion to dismiss.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

799

DECIDED NOVEMBER 6, 2009.

*Dasha M. Jackson, Kenneth D. Kondritzer*, for appellant.
*Paul L. Howard, Jr., District Attorney, John O. Williams, Artisha C. Johnson, Assistant District Attorneys*, for appellee.