A09A2357. OVER v. THE STATE.
(690 SE2d 507)

BARNES, Judge.

David F. Over appeals the denial of his motion for discharge and acquittal, contending the 22-month delay between his arrest and motion violated his right to a speedy trial under the Sixth Amendment of the United States Constitution. While the trial court erred in holding that an overcrowded docket was not a delay caused by the government for which the State was not at fault, for the reasons that follow we affirm the denial of the motion to dismiss.

The right to a speedy trial is different from other constitutional rights, because society has an interest in ensuring that cases are tried promptly. *Barker v. Wingo*, 407 U. S. 514, 519 (92 SC 2182, 33 LE2d 101) (1972). "The inability of courts to provide a prompt trial

has contributed to a large backlog of cases in urban courts which, among other things, enables defendants to negotiate more effectively for pleas of guilty to lesser offenses and otherwise manipulate the system." Id. A large backlog of cases also leaves defendants who are out on bond the opportunity to commit other crimes, increases the risk defendants will escape, and may reduce rehabilitation. Id. at 519-520.

In considering a defendant's motion to dismiss on speedy trial grounds, the court must look at factors such as the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *State v. Redding*, 274 Ga. 831, 832 (561 SE2d 79) (2002). No one factor is necessary or sufficient to find a deprivation of the right of speedy trial. Id. Instead, the factors must be considered together, balancing the conduct of the prosecution and the defendant on a case-by-case basis. *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).

On March 4, 2007, a deputy sheriff investigating a report of a single-car collision found Over's truck lying on its side in a creek by the road. His passenger was injured, and Over admitted to the officer that he had been drinking most of the day and had consumed about eight light beers. Based on this admission, as well as the smell of alcohol on his breath and the severity of the wreck in a 35 mph zone, the officer arrested Over for driving under the influence. A breath test at the station revealed blood-alcohol readings of 0.047 and 0.050, and Over bonded out of jail after several hours.

In May 2007 Over waived arraignment, demanded a jury trial, and moved to suppress the evidence and dismiss the charges, arguing the officer lacked probable cause to arrest him. His case first appeared on a trial calendar set for November 2007, but the case was removed from that calendar and set for a hearing on his suppression motion. The trial court denied the motion at a hearing on November 19, 2007. The case was placed on a trial calendar in August 2008, but was not reached. Over filed his motion for discharge and acquittal on January 21, 2009, which was heard March 30, 2009. On April 14, 2009, the trial court denied the motion, finding that the length of the delay was presumptively prejudicial, that the court and the defendant were at fault for the delay but not the State, that Over's jury trial demands did not constitute speedy trial demands, and that Over was not prejudiced by the delay. We review the trial court's denial of a motion to dismiss on speedy trial grounds for abuse of discretion. *Frazier v. State*, 277 Ga. App. 881, 883 (627 SE2d 894) (2006).

1. Unless a delay is presumptively prejudicial, the analysis goes no further. *Wimberly v. State*, 279 Ga. 65, 66 (608 SE2d 625) (2005). A delay of more than a year is presumptively prejudicial, and triggers the consideration of other factors in conjunction with the length of

delay. *Ruffin v. State*, 284 Ga. 52, 55 (2) (a) (663 SE2d 189) (2008); *Bowling v. State*, 285 Ga. 43, 44-45 (1) (a) (673 SE2d 194) (2009). Here, the trial court did not err in finding that a two-year delay between Over's arrest and his motion to dismiss was presumptively prejudicial, and had to be considered along with the reasons for the delay and other factors set out in *Barker*.

2. While we note that the record contains no indication that the State deliberately attempted to delay Over's trial to hamper his defense, nonetheless the trial court abused its discretion in finding that none of the 22-month delay was attributable to the State. While defense counsel initiated the removal of the case from the first trial calendar in November 2008, the case was not placed on a trial calendar again for nine months, until August 2008, and then it was not reached for trial. The case was not reached, the State explained at the hearing, because "we have only one full-time State Court judge, and we've got entirely too many cases. And . . . the August [2008] jury trial calendar was a one judge courtroom. So there were only trials in one courtroom. This was not a two courtroom calendar."

In its order denying Over's motion for discharge and acquittal, the trial court held, "There being nothing suggesting that the State caused any of the delays, and that, in fact, the schedule of defense counsel and the Court are the main reasons for delay, the Court finds that the State was not at fault for the delay." The State argues in its brief to this court that "[t]he reasons for the delay in this case were attributable to the appellant and the court and the delay should not be weighed against the State."

The issue is not whether the delay could be attributed to the defendant, the State, or the trial court, however, but whether it could be attributed to the defendant or *the government*. The "responsibility for bringing a defendant promptly to trial rests with the government." *Williams v. State*, 300 Ga. App. 797, 798 (b) (686 SE2d 407) (2009). A delay due to crowded dockets resulting from "the government's failure to provide for sufficient numbers of judges, prosecutors, or indigent defense counsel," is a delay caused by the government, albeit unintentional, and must be weighed against the State. *Ruffin*, supra, 284 Ga. at 60 (2) (b) (ii); *Oni v. State*, 285 Ga. App. 342, 343-344 (2) (b) (646 SE2d 312) (2007).

> The . . . "government" includes all state actors, even trial and appellate court judges. The relevant inquiry for purposes of the second factor is not whether the prosecutor or the accused bears more responsibility for the delay, but whether the government or the criminal defendant is more to blame for that delay.

YALE LAW LIBRARY

(Citations and punctuation omitted.) *Ruffin*, supra, 284 Ga. at 61-62. While the trial court did not abuse its discretion in finding that some delay was attributable to Over, the subsequent 14-month delay between the trial court's November 2008 ruling on Over's motion to suppress and Over's motion to dismiss was attributable to the government, and must weigh against it in balancing the *Barker* factors.

3. The third factor to consider is the timing of the defendant's assertion of his right to a speedy trial. While a "defendant has no duty to bring himself to trial" and does not waive his right by not asserting his right, failing to do so will make it difficult for him to prove that he was denied a speedy trial. *Barker*, supra, 407 U. S. at 527, 532. The relevant question regarding how to weigh this factor is whether he asserted the right " 'in due course.' This requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately." (Citation omitted.) *Ruffin*, supra, 284 Ga. at 63 (2) (b) (iii).

Over contends his May and June 2007 jury trial demands should be considered speedy trial demands, because he cited that portion of the Georgia Constitution providing that "the defendant shall have a public and speedy trial by an impartial jury," Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a). Those jury trial demands themselves, however, included no explicit speedy trial demands, and our Supreme Court has held that a demand for jury trial does not invoke a constitutional right to a speedy trial. *State v. Johnson*, 274 Ga. 511, 513 (3) (555 SE2d 710) (2001). The accused bears the responsibility for putting the government on notice he does not want a delay, and failure to do so weighs strongly against him. *Frazier*, supra, 277 Ga. App. at 882 (c). Thus the trial court did not err in finding that Over's failure to demand a speedy trial for 22 months after his arrest weighed against him.

4. Finally, we consider the most important of the factors, which is whether the delay has harmed the defendant. The right to a speedy trial "is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." *United States v. Ewell*, 383 U. S. 116, 120 (86 SC 773, 15 LE2d 627) (1966). Of these forms of prejudice, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Doggett v. United States*, 505 U. S. 647, 654 (112 SC 2686, 120 LE2d 520) (1992); *State v. Giddens*, 280 Ga. App. 586, 589 (634 SE2d 526) (2006). Further, "excessive delay presumptively compromises the reliability of a trial in ways that

neither party can prove or, for that matter, identify." *Doggett*, supra, 505 U. S. at 655.

In this case, Over was not incarcerated pretrial and he does not contend he was unduly anxious about the pending accusations. He argues instead that his defense was impaired due to the passage of time because his witnesses have moved or become unavailable. Over explained at the hearing on his motion to dismiss that he had been riding four-wheelers with four other people for ten or twelve hours before his arrest. Over admitted he had consumed alcohol during this outing, but testified that these four people had the opportunity to observe his speech, balance, conduct, and ability to drive. Of these four, he was still in close contact with one man, but that man's ex-girlfriend was not available to testify because the two had suffered a "bad breakup" and Over had no idea how to contact her. A third witness had moved to another city more than a year before and Over had no way to communicate with him, although he thought he could probably find him through a mutual friend. The fourth witness was Over's former girlfriend, who had been with him when he was arrested. While they had separated over "trust issues" and no longer talked, their parting was friendly and Over thought he could probably find out how to get in touch with her.

Thus one of Over's four witnesses was definitely available, one was definitely not, and the other two were "probably" reachable. Unlike the situation in *State v. Bazemore*, 249 Ga. App. 584, 586 (1) (d) (549 SE2d 426) (2001), in which we held the trial court did not abuse its discretion in granting the defendant's motion to dismiss, Over did not lose his only witness due to the development of a hostile relationship. The loss of one witness is minimally prejudicial, as that witness's testimony would be cumulative of testimony by the other three. Over "has not shown any other circumstance from which it can be concluded that he is substantially prejudiced by the unavailability of the witness, or that the [absent] witness' testimony was uniquely vital to his defense." *State v. Lively*, 155 Ga. App. 402, 406 (270 SE2d 812) (1980); see also *Hughes v. State*, 228 Ga. 593, 595-596 (1) (c) (187 SE2d 135) (1972).

5. Balancing the four *Barker* factors, the length of and reasons for the delay weigh against the State, but Over's failure to assert his constitutional right to a speedy trial for twenty-two months weighs heavily against him. Under these circumstances, the trial court did not abuse its discretion in denying Over's motion for discharge and acquittal. See *Simmons v. State*, 290 Ga. App. 315, 317 (5) (659 SE2d 721) (2008).

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 3, 2010.

*Allen M. Trapp, Jr.*, for appellant.
*Brian K. Fortner, Katherine L. Iannuzzi*, for appellee.