A10A0973. OGLETREE v. THE STATE.

(693 SE2d 909)

ELLINGTON, Judge.

Stacey Ogletree appeals from the order of the Superior Court of Fulton County denying his motion to dismiss charges of rape, child molestation, and aggravated child molestation, claiming that he was denied his constitutional right to a speedy trial. For the following reasons, we affirm.

The record shows that Ogletree was arrested on June 15, 2005, and charged with rape and aggravated child molestation arising out of incidents that occurred between March and May 2005. He was indicted for those offenses on June 28, 2005, and released on bond about two weeks later. On January 20, 2006, the trial court entered a scheduling order, setting the case for trial on May 19, 2006. As continued investigation revealed new information about the crimes alleged, the State twice re-indicted Ogletree to add additional charges. On July 25, 2006, the State returned a ten-count indictment, and on January 15, 2008, the State returned a twelve-count indictment.

Ogletree's retained counsel withdrew from the case on January 22, 2007, and was replaced by an attorney with the Office of the Public Defender. The trial court gave Ogletree's new attorney six months to familiarize herself with the case. On June 15, 2007, the date set for trial, defense counsel asked for and received a six-month continuance. On March 17, 2008, after a jury was sworn and empaneled to try the case, the trial court declared a mistrial based upon manifest necessity because critical witnesses for the State had become temporarily unavailable. On August 6, 2008, after the case

had been re-set for trial, Ogletree filed a plea in bar and a motion to dismiss the indictment, arguing that the trial court had abused its discretion in finding a manifest necessity and in granting the mistrial. The trial court denied the motion, Ogletree appealed, and this Court affirmed the trial court's order on October 7, 2009. *Ogletree v. State*, 300 Ga. App. 365 (685 SE2d 351) (2009).

On November 6, 2009, after this Court returned the remittitur, the trial court scheduled the case to be tried on November 9, 2009. Also, on November 6, Ogletree filed a plea in bar and a motion to dismiss the indictment alleging a violation of his constitutional right to a speedy trial. After a hearing, the trial court denied Ogletree's motion. It is from this order that Ogletree appeals.

In examining an alleged denial of the constitutional right to a speedy trial, courts must engage in a balancing test with the following factors being considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U. S. 514, 530 (IV) (92 SC 2182, 33 LE2d 101) (1972). The existence of no one factor is either necessary or sufficient to sustain a speedy trial claim, and a trial court's findings of fact and its weighing of disputed facts will be afforded deference on appeal. *State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008). An abuse of discretion standard applies. *Hassel v. State*, 284 Ga. 861, 862 (672 SE2d 627) (2009).

(a) *Length of delay*. The record shows that there was a delay of over four years and four months from Ogletree's June 15, 2005 arrest to the November 9, 2009 trial date, the date on which the court denied Ogletree's motion. "The right to a speedy trial attaches at the time of arrest or indictment, whichever is earlier." (Citations omitted.) *Lynch v. State*, 300 Ga. App. 723, 724 (1) (a) (686 SE2d 268) (2009). A delay of more than one year between the attachment of the right and the trial raises a threshold presumption of prejudice and triggers consideration of the remaining *Barker v. Wingo* factors. *Doggett v. United States*, 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992).

Because the delay in this case was more than a year, the trial court properly weighed this factor against the State and considered the remaining *Barker v. Wingo* factors. *Layman v. State*, 284 Ga. 83, 84 (663 SE2d 169) (2008). However, Ogletree was out on bond during this period; therefore, the trial court was authorized to give less weight to this factor. See *Williams v. State*, 300 Ga. App. 797, 798 (d) (686 SE2d 407) (2009).

(b) *Reason for delay*. There is no evidence in the record that the State acted in bad faith to delay the trial. "Delay caused by State negligence, rather than deliberate action to impair a defense, gener-

ally is considered relatively benign. However, even then, a delay attributable to the State is a negative factor and to some extent is weighed against it." (Citations and punctuation omitted.) *State v. Carr*, 278 Ga. 124, 126 (598 SE2d 468) (2004).

The trial court found that both Ogletree and the State contributed to the delay in the case and, thus, weighted this factor against them equally. The record supports the court's finding that Ogletree's change of counsel, continuance, appeal, and certain discovery pursuits were responsible for about eighteen months to two years of the delay. Ogletree concedes as much in his appellate brief. The court also noted that some of the delay was attributable to the State, which re-indicted the case twice and apparently failed to take significant action to move the case forward in the first year after the initial indictment.

(c) *Defendant's assertion of the right to a speedy trial.* Because a defendant can benefit from delaying a trial, he is required to assert his right to a speedy trial in due course. "This requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately." (Footnote omitted.) *Ruffin v. State*, 284 Ga. 52, 63 (2) (b) (iii) (663 SE2d 189) (2008). Ogletree did not file a statutory demand for speedy trial and did not assert his right to a speedy trial until the motion to dismiss was filed on November 6, 2009, which was over four years and four months after his arrest. On November 9, the court heard the motion and denied it on November 13. Moreover, Ogletree had an opportunity to raise this issue in his first plea in bar, which was predicated on the trial court's having granted a mistrial, but he did not pursue it. Under the circumstances, the trial court did not err in weighing this factor against Ogletree. See *Over v. State*, 302 Ga. App. 215, 218 (3) (690 SE2d 507) (2010) (22-month delay in demanding a speedy trial weighed against defendant).

(d) *Prejudice to the defendant.* Regarding the prejudice factor,

there are three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired. Impairment of the defense is the most important component of the prejudice factor because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

(Citations and punctuation omitted.) *Hassel*, 284 Ga. at 863 (d). Because the delay in this case is less than five years, it is insufficient

584

to raise a presumption of actual prejudice. *Hayes v. State*, 298 Ga. App. 338, 348 (2) (d) (680 SE2d 182) (2009). Therefore, Ogletree "must show actual anxiety and concern and specific evidence of how the delay impaired his ability to defend himself." (Citation omitted.) *Johnson v. State*, 268 Ga. 416, 418 (2) (490 SE2d 91) (1997). As previously stated, Ogletree was out on bond and, therefore, there was no oppressive pre-trial incarceration, nor does he claim to have experienced actual anxiety and concern. He does contend that the memories of unspecified witnesses may have degraded. However, without knowing who these witnesses are, it is impossible to say whether their alleged loss of memory works for or against Ogletree. See *Robinson v. State*, 298 Ga. App. 164, 168 (1) (b) (iv) (679 SE2d 383) (2009) ("[A] generalized statement that the memories of witnesses have faded over the passage of time is not sufficient. For memory lapse to be prejudicial, [the defendant] must establish that the lapses substantially relate to a material issue [at trial].") (punctuation and footnote omitted).

In balancing the four factors discussed above, including Ogletree's delay in asserting his constitutional right to a speedy trial and his failure to demonstrate that his defense was prejudiced by the delay, we conclude that the trial court did not abuse its discretion in finding that Ogletree's constitutional speedy trial right had not been violated and in denying his motion to dismiss. See *Robinson*, 298 Ga. App. at 169 (1) (c).

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED APRIL 7, 2010.

*Edward J. Chase III*, for appellant.
*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellee.