A10A0986. MEDER v. THE STATE.
(700 SE2d 706)

ANDREWS, Presiding Judge.

Betty Meder appeals from the trial court's denial of her motion for discharge and acquittal based on her claim that there was a violation of her constitutional right to a speedy trial. After reviewing the record, we conclude there was no error and affirm.

The Sixth Amendment to the United States Constitution provides that the accused has a right to a speedy trial in a criminal prosecution. The test for determining whether that right has been violated is set forth in Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), which provides that courts must engage in a balancing test of the following factors: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. "The existence of no one factor is either necessary or sufficient to sustain a speedy trial claim, and a trial court's findings of fact and its weighing of disputed facts will be afforded deference on appeal." State v. White, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008). An abuse of discretion standard applies. Hassel v. State, 284 Ga. 861, 862 (672 SE2d 627) (2009).

The first factor is:

a. Length of delay. The record shows that Meder was arrested on April 27, 2007. She filed her motion for discharge and acquittal on October 14, 2009. "The right to a speedy trial attaches at the time of arrest or indictment, whichever is earlier. And any delay approaching a year raises a threshold presumption of prejudice." (Citation and punctuation omitted.) Lynch v. State, 300 Ga. App. 723, 724 (686 SE2d 268) (2009).

b. Reason for delay. After Meder's arrest on April 27, arraignment was scheduled for August 14, 2007, but was waived. On October 15, 2007, the case was scheduled for a calendar call. Because the case had numerous motions, including a motion to suppress, it was put on an October 25, 2007 motions calendar. Because defense counsel had filed a leave of absence, the hearing was postponed until December 13, 2007. The case was then set for a May 5, 2008 calendar call, but defense counsel had a conflict and requested a continuance. The case was re-scheduled to a June 9, 2008 calendar call at which

time defense counsel announced that he was ready to proceed, and the case was set for the June 23, 2008 trial calendar. However, defense counsel had a conflict on that date. The case was not reached on that calendar. The case was not put on another trial calendar until the week of December 7, 2009.

Although much of the delay in this case was attributable to the defendant, the delay from June 2008 through October 2009, when Meder filed her motion, is attributable to the State. Because this delay was unexplained, it is presumed that this failure to bring the case to trial was caused by the negligence of the State. See *Boseman v. State,* 263 Ga. 730, 733 (438 SE2d 626) (1994) ("Where no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial."). Accordingly, the delay in this case is partly attributable to defendant and partly due to the State's negligence.

c. *Defendant's assertion of the right to a speedy trial.* Meder claims that she asserted her right to a speedy trial when she filed a demand for a jury trial in her pleading that waived formal arraignment and entered a "not guilty" plea. "[A] demand for a jury trial . . . does not invoke either a constitutional or statutory right to a speedy trial." *State v. Johnson*, 274 Ga. 511, 513 (555 SE2d 710) (2001). Accordingly, this failure to assert the demand is weighed heavily against Meder. *Hassel,* supra at 862.

d. *Prejudice to the defendant.*

> As to the prejudice factor, there are three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired. Impairment of the defense is the most important component of the prejudice factor because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

(Punctuation omitted.) *Hassel*, supra at 863.

On appeal, Meder contends that her defense was prejudiced because one of her witnesses has now refused to testify for her. Meder states that this witness had been with her on the evening in question, was a passenger in her car when Meder was arrested for DUI, and would have testified that Meder was not impaired at the time of the accident. The witness and Meder have since quarreled, however, and, according to Meder, the witness told her that she would not testify on Meder's behalf.

As the trial court pointed out, the witness is not unavailable and Meder may still subpoena her to testify. The trial court also stated that there was no reason to believe that a witness would perjure herself because of a disagreement.

Balancing all four factors as discussed above, we conclude that the trial court did not abuse its discretion in finding that there had been no violation of Meder's constitutional right to a speedy trial. The delay in this case was 30 months from the time of arrest, but much of that time is attributable to motions filed by defense counsel and conflicts in defense counsel's schedule. Weighed most heavily against Meder is her failure to assert her right to a speedy trial until she filed her motion to dismiss. As to the prejudice factor, we agree with the trial court that Meder's witness is available to testify and will presumably testify truthfully at trial.

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED AUGUST 27, 2010.

*Allen M. Trapp, Jr.*, for appellant.
*Brian K. Fortner, Solicitor-General, Katherine L. Iannuzzi, Assistant Solicitor-General*, for appellee.

