**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 29, 2013**

# In the Court of Appeals of Georgia

A12A2155. THE STATE v. GAY.

McMILLIAN, Judge.

The trial court granted Fredrick Gay's motion to dismiss indictment based on a violation of Gay's constitutional right to a speedy trial. On appeal, the State claims that the trial court improperly applied the balancing test set out by the United States Supreme Court in *Barker v. Wingo* 407 U. S. 514, 530 (IV) (92 SCt 2182, 33 LE2d 101) (1972). For the reasons set forth below, we agree and therefore vacate the trial court's order and remand with direction.

Gay was indicted on September 9, 2008 for an armed robbery alleged to have occurred in Fulton County on April 20, 2004. The case was placed on the administrative dead docket by order entered March 25, 2009. On August 7, 2009, Gay, acting pro se, filed a demand under OCGA § 17-7-170 for a speedy trial. The

case was removed from the administrative dead docket by order entered September 11, 2009, and, on October 12, 2009, the trial court denied Gay's statutory speedy trial demand as untimely. Following appointment of defense counsel, Gay was arraigned on or about November 9, 2009. On September 11, 2011, Gay filed a motion to dismiss the indictment for violation of his right to a speedy trial under the state and federal constitutions. See Ga. Const. of 1983, Art. I, Sec. I, Para. XI (a); U.S. Const. Amend. VI. The matter came before the trial court for a hearing on March 13, 2012, and the trial court granted Gay's motion to dismiss in an order entered March 15, 2012.

The evidence presented at the motion hearing showed, among other things, that a warrant for Gay's arrest was issued on April 30, 2004. Gay was not served with the arrest warrant, however, and he did not learn of the indictment until April 2009. Meanwhile, Gay was convicted on an unrelated robbery charge in 2004 and was sentenced to eight years in prison. Gay testified that he was "supposed" to have been paroled in 2008, but the issuance of the indictment in this case delayed his parole date, and he was ultimately not released from the Department of Corrections until July 29, 2011, when he was transferred to the Fulton County Jail.

1. The template for deciding federal and state constitutional speedy trial claims is set out by the United States Supreme Court in *Barker* and in *Doggett v. United*

*States*, 505 U. S. 647 (112 SCt 2686, 120 LE2d 520) (1992). See *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008). The trial court's initial inquiry is whether the delay from the accused's arrest, indictment, or other formal accusation to the trial is so long as to be considered "presumptively prejudicial." *State v. Pickett*, 288 Ga. 674, 675 (2) (a) (706 SE2d 561) (2011). If there has not been a trial, "the delay should be calculated from the date of arrest or other formal accusation to the date on which a defendant's speedy trial motion was granted or denied." *State v. Porter*, 288 Ga. 524, 526 (2) (b) (705 SE2d 636) (2011). For serious crimes lacking unusual complexities, "one year generally marks the point at which expected deliberateness in the prosecution of a criminal matter turns into presumptively prejudicial delay." (Citation omitted.) *Ruffin*, 284 Ga. at 55 (2) (a).

If the delay is not presumptively prejudicial, the speedy trial claim fails at the threshold. Id. If the delay is presumptively prejudicial, the trial court must then consider "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett*, 505 U. S. at 651 (II); see also *Barker*, 407 U. S. at 530-533 (IV); *Pickett*, 288 Ga. at 675 (2) (a).

3

The trial court is afforded "substantial discretion in applying the *Barker* balancing test, and its ultimate judgment is reviewed on appeal only for abuse of that discretion." *Porter*, 288 Ga. at 533 (2) (e). As the appellate court, "we must accept the factual findings of the trial court unless they are clearly erroneous, and we must accept the ultimate conclusion of the trial court unless it amounts to an abuse of discretion, even though we might have reached a different conclusion were the issue committed to our discretion." *State v. Buckner*, __ Ga. __ (__ SE2d ___) (Case No. S12A1981, decided February 4, 2013). Nevertheless, "where the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished." (Citation and punctuation omitted.) *Porter*, 288 Ga. at 533 (2) (e).

2. The State does not dispute that the length of the delay in this case, which was more than one year, raised a presumption of prejudice, nor does it contend that the trial court erred in proceeding to the second stage of the speedy trial analysis. See *Ruffin*, 284 Ga. at 55 (2).

3. As the delay in bringing Gay to trial raises a presumption of prejudice, we turn to whether the trial court abused its discretion in weighing the *Barker* factors and finding that Gay was denied his constitutional right to a speedy trial.

4

(a) *Length of the Delay.* In analyzing this factor, the trial court duly found that the relevant time period in a speedy trial claim begins with the earlier of the date of indictment or the date of arrest. See *Williams v. State*, 277 Ga. 598, 599 (1) (a) (592 SE2d 848) (2004). It noted that the earlier date in this case was September 9, 2008, the date of indictment, such that Gay had been waiting three and a half years to be brought to trial. The trial court found, however, that this case was unusual and distinguishable in that the State was aware of Gay's whereabouts in April and May 2004. The trial court further noted that the State indicted a co-perpetrator of the crime, Albert Huckaby, and tried and convicted Huckaby in 2005 and 2006, before Gay was ever indicted. Accordingly, the trial court wrote, the length of the delay "arguably" runs from May 2004. The trial court then found that the length of the delay to be seven years and ten months, which is so long that it weighs heavily against the State, "however calculated."

The State argues that the trial court erred in finding the length of delay to include the four years from the date of the offense until the date of indictment. As the United States Supreme Court has said, the "right of the accused to a speedy trial has no application beyond the confines of a formal criminal prosecution [and is] triggered by arrest, indictment, or other official accusation . . . ." *Doggett*, 505 U. S. 655 (III)

5

(A). Delays before arrest or indictment are subject to due process, and not speedy trial, analysis. *Bunn v. State*, 284 Ga. 410, 412 (2) (667 SE2d 605) (2008); *Wooten v. State*, 262 Ga. 876, 878 (2) (426 SE2d 852) (1993); *Haisman v. State*, 242 Ga. 896, 898 (2) (252 SE2d 397) (1979). Thus, the Sixth Amendment provides no guarantee of a right to a speedy arrest, although inordinate delay between the time a crime is committed and the time a defendant is arrested or indicted may violate due process under the Fifth and Fourteenth Amendments. *Wooten*, 262 Ga. at 878 (2).[1] See also *Hudson v. State*, 277 Ga. 581, 582-583 (2) (591 SE2d 807) (2004) (delay between when the warrant was issued for his arrest and when the arrest warrant was served did not implicate appellant's speedy trial rights).

In light of the foregoing, the trial court erred to the extent it found the length of the delay was seven years and ten months for purposes of Gay's contention that the State had violated his Sixth Amendment right to a speedy trial. Although some

---

[1] In addition to his "Motion to Dismiss Indictment Re Speedy Trial," Gay filed a separate "Motion to Dismiss/Due Process Violation" in which he alleged that the inordinate delay between the date of the offenses and his arrest violated his due process rights. "To find a due process violation where a delay precedes arrest and indictment, courts must find 1) that the delay caused actual prejudice to the defense, *and* 2) that the delay was the product of deliberate action by the prosecution designed to gain a tactical advantage." Id. The trial court's order addressed the speedy trial motion only and applied the *Barker* balancing test rather than the foregoing test for ascertaining a violation of Gay's right to due process.

language in the trial court's order suggests that this finding was in the nature of an alternate holding or a proposed alteration from the established rule, the balance of the trial court's order demonstrates that it considered the length of the delay to include the delay before arrest or indictment. Accordingly, we find that the trial court erred in its analysis of this factor.

(b) *Reasons for the Delay.* This factor is an assessment of "the reason for the delay and whether this is attributable to the defendant or the state." (Citation omitted.) *State v. Johnson*, 274 Ga. 511, 512 (555 SE2d 710) (2001). And "[w]hile a deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government, an unintentional delay, such as that caused by the mere negligence of the prosecuting attorneys or the overcrowded docket of the trial court, should be weighted less heavily." (Citation and punctuation omitted.) *Buckner*, __ Ga. at __ (3) (b).

Here, the trial court found that Gay had no culpability in the length of the delay, while the State was completely at fault. Further, the trial court found that the State's delay from 2004 until the indictment in 2008 "amounts to bad faith" because although the State and law enforcement knew of Gay's whereabouts, "no one did

7

anything."[2] But as we noted above, the State had neither arrested nor indicted Gay from 2004 until September of 2008, and so Gay's constitutional right to a speedy trial had not attached. The State's inaction during this period should not have been considered as a reason for the delay. See, e. g., *Moore v. State*, 278 Ga. 473, 473-474 (1) (604 SE2d 139) (2004).

Moreover, the trial court compounded this error by finding that the State acted in bad faith by failing to indict during this time period. A finding of bad faith necessarily weighed more heavily against the State than mere negligence, which is considered to be relatively benign in the balancing process. See, e. g., *Hassel v. State*, 284 Ga. 861, 863 (672 SE2d 627) (2009) (State's conduct was negligent rather than deliberate or as a result of bad faith); *Frazier v. State*, 277 Ga. App. 881, 882 (627 SE2d 894) (2006) (no evidence that the delay was the result of bad faith). And although the trial court also attributed the post-indictment delay to the State, it did not expressly find that the State acted in bad faith during that period. By miscalculating the period of the delay and assigning bad faith to the State's pre-indictment inaction,

---

[2] The trial court further found that the State made no attempt to locate Gay after indicting him, causing Gay to forfeit his speedy trial rights, and then delayed the trial of the case by failing to timely file discovery in accordance with a case management order.

8

the trial court weighed this factor more heavily against the State than was authorized by the evidence.

*(c) Assertion of the Right to Speedy Trial.* Although an accused is not required to ask for a speedy trial at the first available opportunity, "the accused bears some responsibility to invoke the speedy trial right and put the government on notice that he or she, unlike so many other criminal defendants, would prefer to be tried as soon as possible." *Ruffin*, 284 Ga. at 62 (2) (b) (iii) (663 SE2d 189) (2008). "The relevant question for purposes of the third [*Barker*] factor is whether the accused has asserted the right to a speedy trial in due course." (Citation and punctuation omitted.) Id. at 63.

The trial court found that Gay "clearly and timely asserted his right to a speedy trial." Gay filed a motion for a statutory speedy trial on August 7, 2009, before he had been appointed counsel. See OCGA § 17-7-170. Although the trial court ultimately concluded that the motion was not valid because it was not filed within the correct term of court, the evidence showed that Gay did not learn about the charges in this case until April 2009, and he asked for a speedy trial shortly thereafter. Thus, the trial court found, Gay "demonstrated his desire to assert his right as soon as he became aware of the charges." As the trial court also noted, Gay's current counsel later filed

9

the motion to dismiss for violation of Gay's Sixth Amendment right to a speedy trial on September 21, 2011.

Gay's assertion of his constitutional right to a speedy trial[3] occurred over two years after he became aware of the indictment, a delay which would normally be required to be weighed against him, if not heavily so. See *Brown v. State*, 287 Ga. 892, 895 (1) (c), 896 (2) (c) (700 SE2d 407) (2010) (co-defendants' respective two- and three-year delays in asserting right to speedy trial weighed heavily against them). And a defendant's assertion of the statutory right to a speedy trial is not equivalent to the assertion of a constitutional speedy trial claim. See *Torres v. State*, 270 Ga. 79, 80 (2) (508 SE2d 171) (1998) (although defendant "file[d] a speedy trial demand, it was based on state statutory grounds rather than the constitutional ground raised in this appeal and asserted for the first time in his motion for acquittal"). Nevertheless, a trial court may accept the assertion of the statutory right as providing some notice to the State and militating in the defendant's favor for purposes of the *Barker* analysis. See *Redd v. State*, 261 Ga. 300, 302 (404 SE2d 264) (1991); *Robinson v. State*, 298 Ga. App. 164, 167-168 (1) (b) (679 SE2d 383) (2009). Thus a defendant's

---

[3] Gay does not contend that he raised the issue of his constitutional right to a speedy trial in the pro se motions filed in August of 2009.

statutory speedy trial demand followed by the assertion of the constitutional right to a speedy trial in a motion for acquittal may weigh "slightly against the State." *Torres*, 270 Ga. at 80 (2). Compare *State v. Reimers*, 310 Ga. App. 887, 889-890 (714 SE2d 417) (2011) (considering delay in asserting constitutional demand for a speedy trial to be two years, notwithstanding assertion of speedy trial rights several months earlier, and finding that the trial court erred in failing to weigh the delay to some extent against the defendant).

In this case, the trial court erred by failing to assign a specific weight to this factor based on the facts and circumstances of this case. "[T]hat exercise of discretion is committed to the trial court, not the appellate courts." *Pickett*, 288 Ga. at 677 (2) (c) (3).

(d) *Prejudice to the Defendant.* Prejudice is "assessed in the light of the interests of defendants which the speedy trial right was designed to protect, namely to prevent oppressive pretrial incarceration, to minimize anxiety and concern of the accused, and to limit the possibility that the defense will be impaired." *Buckner*, __ Ga. at __ (3) (d). The trial court found that Gay established each of these factors. For purposes of this appeal, the State makes no relevant argument that the trial court erred in finding that Gay was prejudiced by oppressive pretrial incarceration and by anxiety

11

and concern, and so we will accept the trial court's findings and conclusions as they relate to these two factors.[4]

Notwithstanding the trial court's findings as to the prejudice caused by Gay's oppressive pretrial incarceration and anxiety, the most serious form of prejudice associated with an unreasonable delay before trial is the possibility that the accused's defense will be impaired "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U. S. at 532 (IV). Here, the trial court noted Gay's testimony that his sister had recently passed away and would have been an alibi witness for him at trial. The trial court then found that "[t]he death of this witness caused a significant and substantial impairment to the Defendant's case." We cannot conclude that this finding is supported by any evidence.

---

[4] Gay testified that upon his release from custody of the Department of Corrections he was taken to the Fulton County Jail, where he had been confined for seven months. According to Gay, while confined in the jail, he developed scurvy because he was not provided with a proper diet, and he experienced back and other pains for which he received no relief. His prescription eyeglasses were taken and not replaced, and he suffered headaches as a result. Gay was confined on a maximum security floor and was subjected to threats by alleged gang members. He also suffered mentally because he was not released in time to be with his sister before she died of cancer. Gay also attributed a delay in parole from his confinement for his previous conviction to issuance of the indictment in this case. The trial court apparently accepted Gay's testimony and entered its findings consistent therewith.

Although Gay testified that his sister would have been an alibi witness at his trial, when asked what his sister could have testified to, Gay responded that she could have testified that he did yard work, that "at that time I was doing my mother's yard work every year in the month of April," and that the "whole month of April I was at my mother's house." According to the indictment, Gay robbed a man in Fulton County on April 20, 2004. Gay testified that his mother's house is in Decatur and within the metropolitan Atlanta area.[5] Thus, Gay's testimony did not show that his sister was a witness to the alleged offense or that his sister could provide an alibi in that he was with her at the time of the robbery, nor that, because his sister would have testified that he was at his mother's house in Decatur during the month of April, it might be reasonably inferred that he could not have committed the alleged crime.[6] "Generally, in order for a defendant to carry his burden of showing prejudice due to the unavailability of a witness, he must show that the missing witness could supply material evidence for the defense." (Citations omitted.) *Torres*, 270 Ga. at 80-81 (2).

---

[5] Fulton County is also within metropolitan Atlanta. See, e. g., *Williams v. State*, 295 Ga. App. 249, 250 (1) (671 SE2d 268) (2008).

[6] During cross-examination Gay was afforded an opportunity to agree that his sister would have testified that "that night [he was] at [his] mother's house working on her lawn," but he responded only that "that whole month of April I was at my mother's house."

Gay failed to show that his sister would have been a material witness, and the trial court erred in finding the death of his sister during the pendency of the trial substantially impaired Gay's defense.

(e) *Balancing the factors.* After reviewing the four *Barker* factors, the trial court found that Gay "has met the burden on all factors and prongs of analysis," and accordingly granted Gay's motion to dismiss the indictment. A trial court exercises substantial judgment in applying the *Barker* balancing test; however, "[i]f the trial court significantly misapplies the law or clearly errs in a material factual finding, the trial court's exercise of discretion can be affirmed only if the appellate court can conclude that, had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment." (Citation omitted.) *Pickett*, 288 Ga. at 679 (2) (d). We cannot conclude that had the trial court not miscalculated the length of the delay, not improperly considered the State's pre-indictment, pre-arrest inaction for purposes of evaluating the reasons for the delay, not failed to weigh Gay's assertions of the right to speedy trial, and had not erred in finding that Gay's defense was substantially impaired by the death of his sister, the trial court necessarily would have ruled that Gay's constitutional right to a speedy trial was violated. Accordingly, the trial court's order must be vacated and the case remanded

14

"for the trial court to exercise its discretion again using properly supported factual findings and the correct legal analysis, reflected in an adequate written order." (Citations omitted.) *Porter*, 288 Ga. at 534 (2) (e).

*Judgment vacated and case remanded with direction. Barnes, P. J., and McFadden, J., concur.*